UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BARRY HARRIS,

        Plaintiff,

v.

ALESSIA MOORE, *et al.*,

        Defendants.

Case No. 2:23-cv-01801-CDS-EJY

**ORDER**
**and**
**REPORT & RECOMMENDATION**

Pending before the Court is Plaintiff's Motion to Strike Affirmative Defenses. ECF No. 22. The Court reviewed the Motion, Defendants' Opposition (ECF No. 24), and Plaintiff's Reply (ECF No. 26). The Court finds as follows.

## I.    RELEVANT BACKGROUND

On October 16, 2024, the Court issued an order screening Plaintiff's First Amended Complaint allowing Plaintiff's Fourteenth Amendment Due Process administrative segregation claim, Fourteenth Amendment Equal Protection claim, and First Amendment retaliation claim to proceed. ECF No. 6 at 7. Defendants filed an Answer admitting that Plaintiff is classified as High-Risk Potential and is currently housed at High Desert State Prison, but denying that any constitutional violation occurred. ECF No. 20 at 2-3. Defendant asserts twenty six "affirmative defenses." *Id.* at 4-7.

Shortly thereafter Plaintiff filed the pending Motion to Strike Affirmative Defenses ("Motion to Strike" or the "Motion"). ECF No. 22. Plaintiff requests the Court strike Defendants' Affirmative Defenses "and/or" order the defendants to file a more definite statement in accordance with Federal Rule of Civil Procedure 12(e) and (f).[1] *Id.* at 1. Plaintiff contends the twenty six affirmative defenses are not necessarily "defenses," but rather "allege deficiencies" in Plaintiff's Amended Complaint. *Id.* at 3-4. Plaintiff submits that permitting these "defenses" to proceed will be prejudicial. *Id.* at 4-

---

[1]    As is discussed below, Plaintiff did not file separate motions corresponding to the different requests for relief in accord with Local Rule IC 2-2(b).

5.  Plaintiff argues defenses that "reserve the right to amend" is a tactic to "outsmart the Constitution." *Id*. Plaintiff contends that some of the defenses rely on statutes and state law rules that have no bearing on the dispute while others are redundant. *Id*. at 5-7. Finally, Plaintiff requests a more definite statement. *Id*. at 7-9.

In response, Defendants argue their Affirmative Defenses are overall sufficient and that Plaintiff has "erroneously and incorrectly elected to argue the merits of the case" through the Motion to Strike. ECF No. 24 at 4. Defendants say Plaintiff has not demonstrated that any defense is "redundant, immaterial, impertinent, or… are otherwise insufficient." *Id*. Defendants highlight that Plaintiff has not specifically shown how or why he will experience prejudice. *Id*. Moreover, Defendants contend that the Motion to Strike is premature because no discovery has occurred yet in this case. *Id*. at 5.

In reply, Plaintiff states Defendants' Opposition does not dispute the specific arguments made in his moving papers and, thus, Defendants concede such arguments. ECF No. 26 at 3. Plaintiff says he did not argue defenses should be struck for insufficiency, but instead should be subject to a more definite statements. *Id*. at 4. Plaintiff contends Defendants do not cite binding precedent to support that Plaintiff must allege prejudice. *Id*. Further, Plaintiff argues that despite "conceding" the merits of Plaintiff's arguments, Defendants' ask this Court to "ignore" the Federal Rules of Civil Procedure. *Id*. at 6. Plaintiff says he will be disadvantage because he will have to expend resources during discovery to determine the factual basis for defenses through "playing '26' questions." *Id*. Lastly, Plaintiff alleges these are actions designed to procure an advantage over a *pro se* prisoner litigant. *Id*. at 7.

## II.    DISCUSSION

### a.    Pleading Affirmative Defenses.

In *Rockwell Automation, Inc. v. Beckhoff Automation, LLC*, 23 F.Supp.3d 1236, 1241-42 (D. Nev. 2014) (citing *Tyco Fire Prods. LP v. Victaulic Co.,* 777 F.Supp.2d 893, 900 (E.D. Pa. 2011), the District of Nevada found the heightened pleading standard established in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) does not apply to affirmative defenses. In *Kohler v. Flava Enters., Inc.*, 779 U.S. 1016, 1019 (9th Cir. 2015), the

Ninth Circuit adopted this view when stating that "the 'fair notice' required by the pleading standards only requires describing [an affirmative] defense in 'general terms.'" *Id. quoting* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1274 (3d ed. 1998)). The Court adopts the Ninth Circuit "fair notice" standard and applies it below.

      b.    <u>The Motion to Strike Standard</u>.

Rule 12(f) permits the Court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). "The federal case reporters abound with pronouncements that motions to strike are highly disfavored, *e.g.*, *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 965 (9th Cir. 2014), rarely granted, *e.g.*, *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000), and viewed as 'time-wasters,' *e.g.*, *Gaines v. AT&T Mobility Servs., LLC*, 424 F. Supp. 3d 1004, 1014 (S.D. Cal. 2019)." *Leach v. Ingram*, No. 2:22-cv-01809-JAD-NJK, 2024 WL 4041638, at *4 (D. Nev. Sept. 4, 2024). An affirmative defense is insufficiently pleaded if it fails to provide the plaintiff "fair notice" of the defense asserted. *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 827 (9th Cir. 1979). An affirmative defense is insufficient as a matter of law if "'there are no questions of fact . . . any questions of law are clear and not in dispute, and . . . under no set of circumstances could the defense succeed.'" *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F.Supp.2d 1028, 1032 (C.D. Cal. 2002) (internal citations omitted). Given the disfavored status of motions to strike, "courts often require a showing of prejudice by the moving party before granting the requested relief." *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535 (D. Nev. 2013); *see also Mitchell v. Nev. Dept. of Corr.*, No. 2:16-cv-00037-RFB-NJK, 2017 U.S. Dist. Lexis 59072, at *2 (D. Nev. Apr. 18, 2017) ("Especially with respect to filings of *pro se* litigants who may be unfamiliar with the technical aspects of the applicable rules, the Court does not find it be a useful expenditure of resources to entertain motions to strike without any showing of prejudice").

3

1

c.    The Court Strikes Affirmative Defenses Eleven, Twenty Four, and Twenty Six.

2

i.    *Affirmative Defenses Eleven and Twenty Four.*

3      Affirmative Defenses Eleven and Twenty Four assert discretionary act immunity, which

4    arises under Nevada law.  ECF No. 20 at 5, 7.[2]  Nevada's discretionary immunity statute (cited in

5    Affirmative Defense Twenty Four and plainly referenced in Eleven) precludes claims against

6    Nevada state officials based on acts relating to a "discretionary function" even if that discretion is

7    abused.  NRS 41.032(2).  Plaintiff's claims arise solely under the U.S. Constitution.  ECF No. 5.

8    Nevada's state law discretionary act defense is inapplicable to Plaintiff's First and Fourteenth

9    Amendment claims.  *See Wallis v. Spencer*, 202 F.3d 1126, 1144 (9th Cir. 2000) ("Immunity under

10   § 1983 is governed by federal law; state law cannot provide immunity from suit for federal civil

11   rights violations" (internal citations omitted)).  Because discretionary act immunity under Nevada

12   state law has no applicability to Plaintiff's claims under 42 U.S.C. § 1983, Affirmative Defenses

13   Eleven and Twenty Four are improperly asserted and stricken.

14

ii.    *Affirmative Defense Twenty Six.*

15     Affirmative Defense Twenty Six asserts the "right to amend" should discovery provide a

16   basis for more affirmative defenses.  ECF No. 20 at 4.  Well established law demonstrates that "a

17   reservation of affirmative defenses is not an affirmative defense."  *Vanguard Dealer Services, LLC*

18   *v. Cervantes*, No. 2:21-cv-01121-JAD-EJY, 2023 WL 3852404, at *5 (D. Nev. June 6, 2023), *see*

19   *also Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 578 (N.D. Cal. 2016).

20   Thus, the Court strikes Defendants' Affirmative Defense Twenty Six.

21

d.    Plaintiff's Request to Strike on Other Bases is Denied.

22     Plaintiff seeks to strike "redundant" defenses and, more generally, an order striking every

23   asserted affirmative defense because they are not defenses.  ECF No. 22 at 3.  However, an

24   affirmative defense requires only that defendant provide fair notice; that is, the defendant state the

25   nature and grounds for the affirmative defense.  *See Conley v. Gibson*, 355 U.S. 41, 47-48 (1957).

26

---

[2]     The Court notes that Defendants separately assert qualified immunity defenses in which analysis of a
27   discretionary act may arise.  ECF No. 20 at 4.  These defenses are not stricken.  *Jackson v. City of Bremerton*, 268, F.3d
     646, 6650 (9th Cir. 2001) (the defense of qualified immunity protects § 1983 defendants from liability for civil damages
28   when performing discretionary functions, unless such conduct violates a clearly established constitutional or statutory
     right of which a reasonable person would have known).

Fair notice does not require a detailed statement of facts, as Plaintiff seems to suggest here. *See, e.g.*, *Kohler v. Islands Rests., LP*, CV-11-2260-W, 2012 WL 524086, at *2 (S.D. Cal. Feb. 16, 2012) *citing id*. While the Court finds Plaintiff's arguments regarding Affirmative Defenses Eleven, Twenty Four, and Twenty Six have merit, the remainder of the affirmative defenses (such as, but not limited to, failure to state a claim upon which relief can be granted, qualified immunity, exhaustion of administrative remedies, collateral estoppel, and res judicata) are not redundant and are sufficiently pleaded to provide Plaintiff with fair notice of the Defendant's position. Fed. R. Civ. P. 12(h)(2); *Quintana v. Baca*, 233 F.R.D. 562, 564-66 (C.D. Cal 2005); *Heyman v. Nevada ex rel. Board of Regents of Nevada Sys. of Higher Educ.*, No. 2:15-cv-01228-RFB-GWF, 2016 WL 11662273, at *2 (D. Nev. July 22, 2016).

With respect to Plaintiff's request to strike defenses referencing state and federal law, this too is denied. Motions to strike affirmative defenses are broadly disfavored. *Leach*, 2024 WL 4041638, at *4. When this standard is taken together with Plaintiff's failure to demonstrate specific prejudice, there is no basis to strike. Further, although there is no Ninth Circuit law stating that a movant must show prejudice in order to prevail on a motion to strike, district courts from across the country, including the District of Nevada, require this showing. *E.g. Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 272 (S.D.N.Y. 1999); *Lutzeier v. Citigroup Inc.*, 305 F.R.D. 107, 111 (E.D. Mo. 2015); *Roadhouse*, 290 F.R.D. at 543. The Court finds these authorities persuasive and adopts the requirement. *Russell Rd. Food & Beverage, LLC v. Galam*, No. 2:13-CV-0776-JCM-NJK, 2013 WL 6684631, at *2 (D. Nev. Dec. 17, 2013) (quoting 5C Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 1382, at 457-58 (2004) ("it is 'the generally accepted view that a motion to strike for redundancy ought not to be granted in the absence of a *clear showing of prejudice* to the movant . . . Modern litigation is too protracted and expensive for the litigants and the court to expend time and effort pruning or polishing the pleadings.' … (emphasis added).").

Plaintiff alleges he will be prejudiced by having to expend resources in discovery to understand Defendant's positions. *E.g.* ECF No. 26 at 6. However, this argument does not demonstrate prejudice. *Alco Pac., Inc.,* 217 F.Supp.2d at 1033 (explaining that prejudice in this context means "[t]he possibility that issues will be unnecessarily complicated or that superfluous

pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial") (internal citation omitted).  *See also Davidson v. City of Los Angeles*, No. CV 13-9004 PSG (JEMx), 2014 WL 12708866, at \*\*1-2 (C.D. Cal. Feb. 12, 2014) (collecting cases discussing prejudice).  Courts resolve any doubt as to the relevance of the challenged sufficiency of a defense in defendant's favor, especially when the moving party demonstrates no resulting prejudice.  *Wailua Assocs. v. Aetna Casualty and Surety Co.,* 183 F.R.D. 550, 553-54 (D. Haw. 1998) (internal citation omitted) ("Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation; if there is any doubt as to whether under any contingency the matter may raise an issue, the motion may be denied ...").  "Grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials that may be judicially noticed."  *Id*. (internal citation omitted).

                      e.    <u>Plaintiff's Motion for More Definitive Answer</u>.

Local Rule IC 2-2(b) provides that "for each type of relief requested or purpose of the document, a separate document must be filed." Local Rule IC 2-2(b).  Failure to comply with this rule is grounds to deny a motion.  *Underwood v. O'Reilly Auto Parts, Inc.*, 671 F.Supp.3d 1180, 1194 n.2 (D. Nev. 2023).  While this failure is adequate grounds alone to deny Plaintiff's Motion seeking a more definite statement, the Court finds that Plaintiff's requested relief is not warranted based on the merits of his argument.

Rule 12(e) requires an amended pleading to be filed where the initial pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e), *see Woods v. Reno Commodities, Inc.*, 600 F.Supp. 574, 580 (D. Nev. 1984).  "A motion for more definite statement should not be granted to require evidentiary detail that may be the subject of discovery." *Woods*, 600 F.Supp. at 580.  Like motions to strike, motions for a more definite statement are disfavored and rarely granted.  *Navajo Health Found. – Sage Mem'l Hosp., Inc. v. Razaghi Dev. Co., LLC*, No. 2:19-cv-00329-GMN-EJY, 2023 WL 2843649, at \*3 (D. Nev. Jan. 30, 2023).

The Court reviewed Defendants' Affirmative Defenses and while at times the defenses seem vague, they are not so vague that Plaintiff cannot prepare his case.  As explained above, the Ninth Circuit has spoken to the standard by which affirmative defenses must be pleaded.  At the risk of

redundancy, the Circuit found that fair notice "only requires describing [an affirmative] defense in 'general terms.'" *Kohler*, 779 F.3d at 1019 (internal citation omitted).  A more definite statement under these circumstances is one that would require the addition of facts and law, which is likely the subjects of discovery.  Thus, the Court finds Plaintiff's request for more definite statement is denied.

## III.    RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Motion to Strike Affirmative Defenses (ECF No. 22)  be GRANTED as to Affirmative Defenses Eleven, Twenty Four, and Twenty Six only.

## IV.    ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion to Strike Affirmative Defenses (ECF No. 22) is DENIED except as stated in the recommendation above.

IT IS FURTHER ORDERED that Plaintiff's Motion for More Definite Statement is DENIED.

Dated this 15th day of October, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also holds that (1) failure to file objections within the specified time, and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).