UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Barry Harris, | Case No. 2:23-cv-01801-CDS-EJY |
| Plaintiff | **Order Overruling Plaintiff's Objection and Adopting the Magistrate Judge's Report and Recommendation** |
| v. | |
| Alessia Moore, et al., | [ECF Nos. 22, 27, 28] |
| Defendants | |

Barry Harris, a state prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. This case proceeds on the first amended complaint against defendants Alessia Moore, Brandon Silber, Julie Williams, Glenn Fowler, Jay Barth, and Amanda Amacker for a Fourteenth Amendment Due Process administrative segregation claim, a Fourteenth Amendment Equal Protection claim, and a First Amendment retaliation claim. First am. compl., ECF No. 5. The defendants filed an answer to the first amended complaint, raising twenty-six affirmative defenses. Answer, ECF No. 20. Harris then moved to strike the defendants' affirmative defenses under Rule 12(f) of the Federal Rules of Civil Procedure. Mot., ECF No. 22. In turn, United States Magistrate Judge Elayna J. Youchah issued a report and recommendation (R&R) resolving Harris's motion to strike the affirmative defenses. R&R, ECF No. 27. Having thoroughly considered the parties' briefing, Judge Youchah recommends that I strike affirmative defenses Eleven, Twenty-Four, and Twenty-Six only. *Id.* at 7. However, Harris objects to this recommendation. Obj., ECF No. 28. The defendants filed their response on November 3, 2025, arguing that Harris's objection should be overruled. Resp., ECF No. 31. Having conducted a de novo review, I overrule Harris's objection, adopt in its entirety the magistrate judge's report and recommendation, and grant in part Harris's motion to strike.

## I.  Legal Standard

A district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party objects to a report and recommendation, the court "shall make a de novo determination of those portions of the report which objection is made." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3). The standard of review applied to the unobjected-to portions of the report and recommendation is left to the district judge's discretion. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (stating that a "district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise").

## II.  Discussion

### A.  Harris's objections

Harris objects to the magistrate judge's recommendation to grant in part his motion to strike the defendants' affirmative defenses. ECF No. 28. Harris's first objection is difficult to decipher. As articulated in the defendants' response, it appears that Harris argues that the defendants "cannot uphold NDOC's Code of Ethics and fulfill their oaths as state officials and simultaneously deny Harris's allegations contained in the FAC." ECF No. 31 at 4; *see* ECF No. 28 at 1–2. I find that this objection provides no basis upon which to reject the Judge Youchah's findings and recommendations, and Harris fails to cite supporting points and authorities, so this objection is overruled. Harris's second objection suffers the same defect. Here, Harris seeks "to preserve every issue in the FAC." ECF No. 28 at 2. This objection also provides no basis upon which to reject the Judge Youchah's findings and recommendations. It too fails to cite supporting points and authorities, so this objection is overruled.

Harris's third objection asserts that he did not consent to a magistrate judge. *Id.* I overrule Harris's objection because consent is not required in this circumstance. Under 28 U.S.C. § 636, magistrate judges may "hear and determine any pretrial matter pending before the court" and submit "proposed findings of fact and recommendations" for disposition by the

assigned district judge. 28 U.S.C. § 636(b)(1). Further, Federal Rule of Civil Procedure 72(b)(1) explains that a "magistrate judge must promptly conduct the required proceedings when assigned, **without the parties' consent**, to hear a pretrial matter dispositive of a claim or defense" and must issue a recommended disposition. Fed. R. Civ. P. 72(b)(1) (emphasis added). Indeed, the parties' consent is not required because the magistrate judge did not issue a binding ruling. Rather, she issued a report and recommendation, which does not require consent.

### B. De novo review of the R&R

Under Rule 12(f) of the Federal Rules of Civil Procedure, the court may strike an affirmative defense as insufficient when it is inapplicable to the claims asserted. Here, Judge Youchah recommends striking the defendants' Eleventh and Twenty-Fourth affirmative defenses because "Nevada's state law discretionary act defense is inapplicable to Plaintiff's First and Fourteenth Amendment claims." ECF No. 27 at 4.

The State of Nevada has generally waived its immunity for state tort claims in state court under Nevada Revised Statute (NRS) 41.031. Although NRS 41.031 waives sovereign immunity for state tort claims brought in state court, with respect to federal court cases, Nevada does not waive its sovereign immunity. *See* NRS 41.031(3); *see also O'Connor v. Nevada*, 686 F.2d 749, 750 (9th Cir. 1982) ("Nevada has explicitly refused to waive its immunity to suit under the eleventh amendment. The Supreme Court has made it clear that section 1983 does not constitute an abrogation of the eleventh amendment immunity of the states." (citation omitted)).

NRS 41.032 precludes suits based on state law against the State, its employees, or any agencies or subdivisions for actions that are "discretionary" in nature. However, Harris filed this action asserting claims under 42 U.S.C. § 1983. Therefore, the defense of immunity under NRS 41.032(2) does not applies to Harris's federal claims. *Webb v. Sloan*, 330 F.3d 1158, 1167 (9th Cir. 2003) ("[T]he defense of sovereign immunity under NRS § 41.032(2) applies only to the state-law claims, not the federal claims."); *Wallis v. Spencer*, 202 F.3d 1126, 1144 (9th Cir. 2000) ("Immunity under § 1983 is governed by federal law; state law cannot provide immunity from

suit for federal civil rights violations."). Consequently, I accept the magistrate judge's recommendation to strike the defendants' affirmative defenses Eleven and Twenty-Four.

Next, the R&R recommends striking the defendants' Twenty-Sixth affirmative defense because "[w]ell established law demonstrates that 'a reservation of affirmative defenses is not an affirmative defense.'" ECF No. 27 at 4 (citing *Vanguard Dealer Servs., LLC v. Cervantes*, 2023 WL 3852404, at *5 (D. Nev. June 6, 2023). Here, the defendants seek "the 'right to amend' should discovery provide a basis for more affirmative defenses." *Id.* I agree with Judge Youchah's finding that a reservation of an affirmative defense is not an affirmative defense. However, the court has discretion to allow a defendant to plead an affirmative defense in a subsequent motion. *Ledo Fin. Corp. v. Summers*, 122 F.3d 825, 827 (9th Cir. 1997) ("Although Rule 8 requires affirmative defenses to be included in responsive pleadings, absent prejudice to the plaintiff an affirmative defense may be plead for the first time in a motion for summary judgment." (citing *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993))). Nonetheless, I accept the magistrate judge's recommendation to strike the defendants' affirmative defense Twenty-Six.

### III. Conclusion

Having considered the R&R, Harris's objection, and the pertinent record, it is hereby ordered as follows:

(1) Harris's objection to the magistrate judge's R&R **[ECF No. 28] is OVERRULED**, and the report and recommendation **[ECF No. 27] is affirmed and adopted in full**.

(2) Harris's motion to strike affirmative defenses **[ECF No. 22] is GRANTED in part**.

(3) Defendants' affirmative defenses Eleven, Twenty-Four, and Twenty-Six are **STRICKEN**.

Dated: November 26, 2025

_____
Cristina D. Silva
United States District Judge