UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BARRY HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALESSIA MOORE, *et al*.,<br><br>　　　　Defendants. | Case No. 2:23-cv-01801-CDS-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Reconsideration of the Court's Order (ECF No. 45) granting Defendants' Motion for Extension of Time to File Motion for Summary Judgment (ECF No. 39.). ECF No. 47. At the time the Court granted Defendants' Motion, Plaintiff's Opposition did not appear on the docket; thus, the Order erroneously stated that no opposition to Defendants' Motion was filed. While the Court's error was not apparent at the time the Order at ECF No. 45 was entered, an error was nonetheless inadvertently made. For this reason, the Court grants Plaintiff's Motion for Reconsideration.

Despite granting the Motion for Reconsideration, the Court finds no error in granting Defendants' Motion for Extension of Time to File a Motion for Summary Judgment. Plaintiff's Motion for Reconsideration points to nothing regarding that extension itself that was factually or legally erroneous. *See* ECF No. 47. In the underlying Motion for Extension of Time, defense counsel explains:

> Counsel for Defendants has received several new cases in November 2025 due to the abrupt resignation of two Deputy Attorneys General (DAGs). Additionally, between October and November 2025, Defense Counsel has been ordered to respond to several emergency motions and/or writ petitions that have required extensive time spent communicating with client representatives to obtain information responses or to prepare witnesses for testimony at hearings on the motions. Accordingly, Defense Counsel has been unable to devote the necessary time to this matter to prepare a well-crafted dispositive motion.

ECF No. 39 at 2. Plaintiff's Opposition points to a failure of Defendants to establish good cause and excusable neglect in support of the Motion to Extend Time. The Court did not address these issues in its original Order, but does so here.

Federal Rule of Civil Procedure 16(b)(4) allows extensions to the Court's scheduling order "only for good cause and with the judge's consent." The Rule's "good cause standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quote marks omitted). More specifically, to meet the burden established by Rule 16's good cause standard, the moving party may be required to show he (1) "was diligent in assisting the Court in creating a workable Rule 16 order" …; (2) "that … [his] noncompliance with a Rule 16 deadline occurred … notwithstanding [his] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference" …; and (3) "that []he was diligent in seeking amendment of the Rule 16 order, once it became apparent that []he could not comply with the order." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (internal citations omitted). In sum, a district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609.

Here, the Court finds Defendants establish diligence. The Court is familiar with the workload of deputy attorneys general in the State of Nevada and finds the specific circumstances represented as prompting the extension requested support diligence. Defense counsel was faced with an extraordinary, unexpected workload that required responses to emergency motions and writ petitions. This, understandably, took precedence over the preparation of the motion for summary judgment in this case.

When considering whether Plaintiff demonstrates excusable neglect here, the Court examines four factors: "(1) danger of prejudice to the opposing party; (2) length of delay and its potential impact on the proceedings; (3) reason for the delay; and (4) whether the movant acted in good faith." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (internal citation and quotation marks omitted); *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993). Here, there is no evidence other than defense counsel has

acted in good faith and the reason for delay is well established and reasonable. While the deadline for dispositive motions will be advanced by two months, and this will cause some delay in the presentation of a fully briefed motion for summary judgment, the delay is relatively short and does not represent prejudicial delay. "Mere delay in the litigation does not establish undue prejudice." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1034 (C.D. Cal. 2013). Said, slightly differently, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 665 F.2d 977, 980 (9th Cir. 1981). In contrast, "undue delay" is a "delay that prejudices the nonmoving party or imposes unwarranted burdens on the court." *Mansfield v. Pfaff*, Case No. C14-0948JLR, 2014 WL 3810581, at *4 (W.D. Wash. Aug. 1, 2014). Plaintiff offers nothing that demonstrates he will be prejudiced by the short extension requested, and the Court finds no unwarranted burden.

The Court finds that while it is appropriate to reconsider its Order granting Defendants' Motion to Extend Time, there is no basis in law or fact to reconsider the decision to grant the Motion itself. There is no manifest injustice identified by Plaintiff nor, based on the totality of the facts and circumstances, is there a basis to find injustice.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration of the Court's Order granting Defendants' Motion for Extension of Time to File Motion for Summary Judgment (ECF No. 47) is GRANTED in part and DENIED in part. The Court reconsiders its Order at ECF No. 45, but declines to change its decision to grant Defendants' extension of time.

IT IS THEREFORE FURTHER ORDERED that Defendants' Motion to Extend Time (ECF No. 39) remains granted and the deadline to file dispositive motions is February 17, 2026.

Dated this 6th day of January 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE