UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BARRY HARRIS,<br><br>  Plaintiff,<br><br>  v.<br><br>ALESSIA MOORE, *et al.*,<br><br>  Defendants. | Case No. 2:23-cv-01801-CDS-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Sanctions. ECF No. 41. The Court considered the Motion, the Opposition (ECF No. 44), and the Reply (ECF No. 48).

**I.   Background**

Plaintiff seeks sanctions arising from Defendants' submission of declarations and information filed with the Court in response to Plaintiff's Motion for Temporary Restraining Order ("TRO Motion,") and Motion for Preliminary Injunction ("Preliminary Injunction Motion")[1] found respectively at ECF Nos. 29 and 30. The information to which Plaintiff points appears to include an error regarding the conviction that led to his incarceration, an alleged error regarding his participation in mental health treatment, and what is described as a violation of the Hippocratic Oath and HIPAA. ECF No. 41. Plaintiff states he is moving for sanctions under Rule 11 of the Federal Rules of Civil Procedure.

Defendants respond that the error with respect to Plaintiff's conviction probably dates back to a historical transcription, which has not been revisited over the years Plaintiff has been at High Desert State Prison ("HDSP"). The erroneous information, appearing in a few lines of the 25 pages of Plaintiff's Offender Information Summary (the "Information Summary"), was first entered in 2019 and was at no time reviewed for any purpose related to this litigation. The error was not cited or relied upon by Defendants.

---

[1] The TRO Motion and Preliminary Injunction Motion are referenced herein as the "Motions."

1

Defendants further discuss Brittany Corder's Declaration that details Plaintiff's refusal to participate in anger and aggression coursework, not an overall failure to participate in mental health treatment. Finally, Defendants respond to Plaintiff's allegations regarding disclosure of medical information explaining that Plaintiff raised the medical issues in his TRO Motion (ECF No. 29 at 5, 15) to which Defendants responded.

Plaintiff filed a Reply; however, the information and arguments therein repeat what is stated in his moving papers.

## II.     Discussion

Federal Rule of Civil Procedure 11(b) states, in pertinent part, that by presenting or submitting any filing to a court, "an attorney ... certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; … [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery ...." Fed. R. Civ. P. 11(b)(1), (3). "An "improper purpose" under Rule 11(b)(1) may be found where there is no legal or factual basis for a claim. *Huettig & Schromm, Inc. v. Landscape Contractors*, 790 F.2d 1421, 1427 (9th Cir. 1986).

Under Rule 11, counsel has an affirmative duty to investigate facts before filing a document with the Court (*Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1508 (9th Cir. 1987)); however, to determine if counsel's inquiry was adequate, the Court applies a standard of "objective reasonableness under the circumstances." *Hudson v. Moore Business Forms, Inc.*, 836 F.2d 1156, 1159 (9th Cir. 1987).

The Court finds no basis for sanctions with respect to the misrepresentation regarding Plaintiff's conviction. The evidence shows that Plaintiff has a 25 page Information Summary that goes back a minimum of six years. Plaintiff filed a TRO Motion to which Defendants responded. ECF Nos. 29, 32. One exhibit to Defendants' response is the Information Summary. Plaintiff's convictions are listed on one page of the Information Summary. ECF No. 32-1 at 7. On that page, one conviction is stated incorrectly. *Id.* Defendants did not cite to this entry in response to Plaintiff's

|   |   |
|---|---|
| 1 | TRO Motion or Preliminary Injunction Motion. ECF No. 32. Nonetheless, Plaintiff's Reply in support of his Motions cited to the error claiming nefarious conduct by Defendants. ECF No. 33 at 7. |

TRO Motion or Preliminary Injunction Motion. ECF No. 32. Nonetheless, Plaintiff's Reply in support of his Motions cited to the error claiming nefarious conduct by Defendants. ECF No. 33 at 7.

Defendants admit that the conviction, as transcribed, is wrong—Plaintiff was convicted of First Degree Kidnapping with Substantial Bodily Harm, not Kidnapping of a Minor as stated in the Information Summary. A staff member entered this information incorrectly in January 2019, and the error has carried forward with no reason to fact check the entry. Indeed, the gravamen of Plaintiff's Motions concerned classification hearings and institutional tasks not implicated by his convictions. Plaintiff presents no evidence that Defendants acted with an improper motive or other wrongful bases when the Information Summary was submitted to the Court.

The Court further finds Plaintiff's accusation that Ms. Corder's Declaration contains false information is simply wrong. Here, Plaintiff claims that Ms. Corder falsely represented Plaintiff "never completed any phase of Mental Health." However, Ms. Corder's Declaration addresses Plaintiff's failure to complete the anger and aggression step down coursework not "any phase of Mental Health." ECF No. 32-2. Plaintiff does not refute the actual representations in Ms. Corder's Declaration. Thus, Plaintiff fails to establish a bases for Rule 11 sanctions.

Finally, Plaintiff raises issues with Mr. Vandenbusch's alleged disclosure of sensitive medical information without Plaintiff's consent. Plaintiff does not allege that what Mr. Vandenbusch stated or referenced was false or otherwise without a basis in fact. Moreover, a review of Plaintiff's TRO Motion shows he put medical issues before the Court (ECF No. 29 at 5, 15) and Defendants responded to Plaintiff's claims. ECF No. 32 at 3, 6-7. The Court finds no violation of Rule 11 by Defendants or their counsel based on the content of Mr. Vandenbusch's Declaration or any documents attendant thereto.

The central purpose of Rule 11 is to deter baseless filings before district court and streamline administration and procedure of the federal courts. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). In the Ninth Circuit, "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Engineers Pension Trust v. A-C Company*, 859 F.2d 1336, 1345 (9th Cir. 1988). A district court's "findings of frivolous litigation, dilatory tactics, or bad faith are

insufficient to support the award of sanctions under Rule 11." *Coltrade Int'l, Inc. v. United States*, 973 F.2d 128, 131 (2d Cir. 1992). "[G]eneral findings, without greater specificity, are an insufficient basis for [a court's] imposition of sanctions under Rule 11." *Id*. at 132.

Here, there are no facts supporting conduct warranting Rule 11 sanctions. The Court will not impose sanctions for good faith errors such as the one appearing in Plaintiff's Information Summary as there is nothing to suggest this was the result of unreasonable conduct by counsel or his clients. Rather, there was an error by an unknown person made years ago that was not reviewed because the information was not relied upon for any purpose before the Court. Further, the Court finds no error and no refutation of the facts stated in Ms. Corder's Declaration. Finally, Plaintiff does not allege what Mr. Vandenbusch stated or referenced in his Declaration was false or otherwise without a basis in fact. A review of Plaintiff's TRO Motion shows Plaintiff put his medical issues before the Court. ECF No. 29 at 5, 15. Defendants responded to Plaintiff's claims and did not disclose information Plaintiff had not already disclosed. ECF No. 32 at 3, 6-7.[2]

The Court finds no violation of Rule 11 or any other reason to impose sanctions against Defendants or their counsel based on the error in the Information Summary, the content of Ms. Corder's Declaration, or information referenced and statements made in Mr. Vandenbusch's Declaration.[3]

---

[2] Under 28 U.S.C. § 1927 "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct." Plaintiff does not raise this statute as a basis for his sanctions; however, Defendants reference § 1927 and, thus, for sake of completeness, the Court finds the factual allegations and responses thereto provide no evidence of "subjective bad faith" most ordinarily demonstrated "when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" *B.K.B. v. Maui Police Department*, 276 F.3d 1091, 1107 (9th Cir. 2002) (quoting *In re Keegan Mgmt. Co.*, 78 F.3d 431, 436 (9th Cir. 1996)). Indeed, Plaintiff offers no evidence that defense counsel or Defendants acted with subjective bad faith. Therefore, sanctions under 28 U.S.C. § 1927 are not appropriate here.

Similar to § 1927, the Court's exercise of inherent authority requires a finding of willful disobedience to a court order or bad faith, vexatiousness, wanton or oppressive conduct. *Roadway Express, Inc. v. Piper*, 447 U.S. 752. 766 (1980). Plaintiff offers no evidence in support of such conduct and the Court review of the facts belie these conclusions.

[3] Plaintiff's Motion states that Alessia Moore committed perjury on November 4, 2025 citing a document Bates stamped PLT000006. ECF No. 41 at 5. No other information is provided and the Court could not locate the document to which Plaintiff refers. Thus, to the extent sanctions are sought based on this allegation, they are denied.

4

**III.**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion for Sanctions (ECF No. 41) is DENIED.

IT IS FURTHER ORDERED that Defendants must correct the incorrect reference to Plaintiff's conviction in the Information Summary to avoid future errors.

Dated this 8th day of January 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE