UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Barry Harris, | Case No. 2:23-cv-01801-CDS-EJY |
| Plaintiff | **Order Denying Plaintiff's Motions for a Temporary Restraining Order and Preliminary Injunction** |
| v. | |
| Alessia Moore, et al., | [ECF Nos. 29, 30] |
| Defendants | |

This is a civil-rights action filed by pro se plaintiff Barry Harris against defendants Alessia Moore, Brandon Silber, Julie Williams, Glen Faller, Jay Bart, and Amanda Amacker for alleged violations of Harris's due process, equal protection, and First Amendment rights. *See* First am. compl. (FAC), ECF No. 5. Harris moves for injunctive relief, arguing that mental health professionals at High Desert State Prison are interfering with this litigation by falsifying documents and making false and/or defamatory statements about Harris, amongst other allegations. *See* Pl.'s mots., ECF Nos. 29, 30.[1] Liberally construing the motion's requested relief, Harris is seeking an order requiring the defendants to send him to another prison, to stop falsely claiming he has not completed certain mental health requirements, and to follow the law. *See* ECF No. 29 at 3, 9. To support his motion, Harris submitted a declaration, *see id.* at 5–6 and attached three exhibits. *See id.* at 12–17. The defendants oppose the motion. Opp'n, ECF No. 32. The motion is fully briefed. Reply, ECF No. 33. For the reasons explained herein, I deny Harris's motion for injunctive relief.

---

[1] Because Harris seeks both a temporary restraining order and a preliminary injunction, his motion was docketed twice (ECF Nos. 29, 30). For ease, the court only cites to ECF No. 29 herein; however, this order applies to both motions.

## I.        Background

Harris is suing multiple defendants for events that took place during his incarceration at High Desert State Prison (HDSP). *See* ECF No. 5. In the FAC, Harris alleges that since November 29, 2020, HDSP officials have designated him a "High Risk Potential" (HRP) during disciplinary hearings where he was not present. *Id.* at 3. As a result of the designation, Harris has been placed in segregation for over three years. *Id.* at 4. Harris has repeatedly sought removal of the HRP designation and transfer out of segregation by filing grievances and kites. *Id.* at 3. He alleges that he was never afforded a hearing to determine whether he posed a risk and was denied any opportunity to be heard or to review the evidence the defendants relied upon in assigning the designation. *See id.* at 3–4. Harris alleges that his designation occurred, in part, because he is African American. *Id.* at 4–5. He further alleges that while he has been kept in segregation for over three years, the defendants have released three inmates of other races from his unit even though those inmates committed worse infractions than him. *Id.* Harris alleges that the defendants falsely accused him of criminal conduct and denied his request for a medical examination in retaliation for filing grievances aimed at exposing their alleged wrongdoing in placing him in segregation. *Id.* at 6.

In his motion seeking injunctive relief, Harris cites three exhibits to support his allegations that the defendants are making false statements or representations. Exhibit A is an inmate request form dated October 2, 2025, where Harris is requesting to be put "on the FCC"[2] "because [he] never spoke of the word you guy (sic) have on paper on October 1, 2025." ECF No. 29 at 13. The response to the form, dated October 6, 2025, asks if Harris is seeking to leave solitary confinement, then explains that the facility is awaiting Harris's completion of anger and aggression packets to finish his step-down process. *Id.* The response also instructed Harris to contact the mental health unit to complete the required packets, after which he could be added to the FCC list. *Id.* Exhibit B appears to be another inmate request form discussing two masses

---

[2] FCC stands for "Full Classification Committee." *See* ECF No. 32 at 1.

on his testicles.[3] *Id.* at 15. The request includes a response advising Harris that he has a pending referral to a urologist. *Id.* Finally, Exhibit C is a form titled "DOCUMENTS / FUNDS RECEIVED." *Id.* at 17. Therein, a box stating "High School Diploma Certificate of Completion (ESP Mental Health Department)" is checked off. *Id.* That form is dated January 23, 2025. *Id.*

In their opposition to the motion, the defendants argue that Harris is not entitled to injunctive relief because he has not shown he is entitled to success on the merits. ECF No. 32 at 5–8. Specifically, the defendants contend that Harris's Exhibit C does not demonstrate that he completed the anger and aggression classes required as part of the step-down process for return to the general population. They also submit a declaration describing HDSP's efforts to facilitate Harris's completion of those requirements and his alleged refusal to do so. *Id.* at 6; *see also* Defs.' Ex. B, ECF No. 32-2. They also argue that Harris makes no showing that any records were falsified and that his own Exhibit B demonstrates the facility's efforts to provide treatment, as it indicates that he has already been referred to a urologist. *Id.* at 6–7. The defendants further argue that contrary to Harris's allegation that he has never received process concerning his HRP designation, he has received "extensive processing." *Id.* at 8. They also argue that Harris has failed to exhaust his administrative remedies, so this motion is barred by the Prison Litigation Reform Act (PLRA). *Id.* at 8–10. Finally, the defendants contend that the motion should be denied because Harris fails to meet the other *Winter* factors—that is, there is no likelihood of irreparable harm, the balance of equities does not tip in Harris's favor, and granting his motion is not in the public interest. *Id.* at 10–13. The defendants therefore ask that the court deny Harris's motion. *See id.*

## II.    Legal Standard

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (quoting *Lopez v. Brewer*, 680 F.3d 1068,

---

[3] The court construes this is where the masses on are based on the response in the request form.

1072 (9th Cir. 2012) (citations omitted)). To obtain an injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The Ninth Circuit uses a "'sliding scale' approach to preliminary injunctions." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under that approach, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Fraihat*, 16 F.4th at 636 (citation modified).

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court applies the same factors that guide the evaluation of a request for preliminary injunctive relief. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions "substantially identical").

In deciding an application for a temporary restraining order, the court is permitted to consider the parties' pleadings, declarations, affidavits, and exhibits submitted in support of and in opposition to the application. *See Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988). Further, "the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir.1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

Finally, the PLRA mandates that litigants in prison must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. "Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Courts must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief." *Id.* This section of the PLRA "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. California*, 220 F.3d 987, 999 (9th Cir. 2000).

III.    Discussion

Harris has not made a sufficient showing that he is entitled to injunctive relief for several reasons. First, Harris has not demonstrated a likelihood of success on the merits of his underlying claims for alleged constitutional violations. As to his first claim, an alleged violation of his due process rights, Harris's exhibits do not support his argument that his due process rights have been violated. Exhibit C shows he has a copy of his high school diploma on file, but it does not show he has completed the requisite anger and aggression classes needed to begin the step-down process. Harris provides no explanation as to how Exhibits A and B support his allegations. By contrast, the defendants have submitted evidence showing Harris has repeatedly received notice of what is required of him—as well as his repeated refusal to complete the necessary steps—to be moved back into general population. *See* Offender information history, Defs.' Ex. A, ECF No. 32-1 (notes reflecting designation (classification) notices, designation reviews for Harris with him present, and meetings with Harris to explain what needs to be completed to step down from segregation (and his refusal to cooperate)). Harris likewise fails to

cite evidence supporting his allegations that defendants denied him medical care[4] or that they falsified records or made false statements to justify keeping him in segregation. Conversely, the defendants submitted detailed records documenting the processes and hearings related to Harris's HRP designation, efforts to transition him through the step-down process, and other aspects of his inmate history. *See generally* ECF No. 32.

Finally, with respect to his second claim alleging a violation of equal protection, Harris does not allege, much less provide evidence, that he has been treated differently from similarly situated individuals of a different race so there is no basis to grant his requested relief. *See Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (explaining that in order to state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment.).

Because I find that Harris has not met his burden in demonstrating a likelihood of success on the merits, I need not analyze the other prongs for injunctive relief. *See Garcia v. Google, Inc.*, 786 F.3d 733 (9th Cir. 2015) ("Because it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three [*Winter* elements]." (citation modified)). However, the court nonetheless notes that Harris's motion fails to make the requisite showing that he would suffer irreparable harm in the absence of relief, that the balance of equities tips in his favor, and that an injunction is in the public's best interest. Consequently, he is not entitled to the requested relief, so Harris's motions are denied.

---

[4] The court also notes Harris has not cited any evidence showing he specifically requested medical care and that those requests were denied.

## IV.      Conclusion

IT IS HEREBY ORDERED that Harris's motion for temporary restraining order and motion for preliminary injunction [ECF Nos. 29, 30] are DENIED.

Dated: May 12, 2026

_____
Cristina D. Silva
United States District Judge

7