UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BARRY HARRIS,

    Plaintiff,

v.

ALESSIA MOORE, *et al*,

    Defendants.

Case No. 2:23-cv-01801-CDS-EJY

**ORDER**

Pending before the Court are two Motions to Seal: one filed by Defendants (ECF No. 65) and one filed by Plaintiff (ECF No. 74). Defendants seek to seal Exhibits A and B attached to their dispositive Motion for Summary Judgment. ECF No. 65. Plaintiff seeks to seal an unidentified Exhibit D. ECF No. 74. As stated below, both Motions are denied without prejudice.

The party seeking to seal a judicial record must meet its burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). While the compelling reasons standard may be met when personal identifying information or maintaining institutional safety of government agency operations will be disclosed,[1] ultimately the Court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179 (alteration in original) (internal citation and quotation marks omitted).

---

[1]     *Clark v. InComm Fin. Servs., Inc.*,Case No. EDCV 22-1839 JGB (SHKx), 2024 WL 1699346, at *3 (C.D. Cal. Apr. 9, 2024) ("courts frequently seal personal contact information, such as email addresses and phone numbers, especially for third parties"); *Hernandez v. Cnty. Of Monterey*, Case No. 13-cv-02354-BLF, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023) (finding compelling reasons to seal email addresses and personal contact information); *Williams v. U.S. Bank Nat. Ass'n*, 290 F.R.D. 600, 609 (E.D. Cal. 2013) (granting application to seal employee names and identification numbers); *Castellar v. Mayorkas*, Case No. 17-cv-00491-BAS-AHG, 2021 WL 3678440, at *2 (S.D. Cal. Aug. 19, 2021) (finding "compelling reason to file [Department of Corrections] confidential government training guides and related internal documents under seal.").

Defendants' Motion to Seal cites the correct sealing standard, but fails to apply that standard to Exhibits A and B.  That is, Defendants offer that the Exhibits contain Plaintiff's "confidential information" and the documents should be sealed to "protect Plaintiff's and institutional safety and security," but they submit nothing more than these conclusions.  ECF No. 65 at 3.  Further, Defendants fail to explain what compelling reason exists to justify sealing both Exhibits in their entirety.  Why, for example, is the entirety of the disciplinary histories properly sealed?  And, to the extent Exhibit A or B contains Plaintiff's personal identifying information, why can't that information be redacted? *RiskOn Int'l, Inc. v. Zest Labs Holdings, LLC*, Case No. 2:25-cv-02042-APG-NJK, 2025 WL 3754414, at *2 (D. Nev. Dec. 29, 2025) ("Redaction is preferred over sealing entire documents").  In sum, Defendants identify compelling reason as the standard to apply, but do nothing more than conclude it has been met.  This is an insufficient basis to seal documents.  Because an opportunity to support the request to seal is granted below, Exhibits A and B are provisionally sealed.

Plaintiff's Motion to Seal is also denied.  Plaintiff fails to identify what he seeks to seal other than referencing "Exhibit D."  Plaintiff does not state where "Exhibit D" is found.  It is not the Court's role to scour the record to find what Plaintiff is referencing.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Seal (ECF No. 65) is DENIED without prejudice.

IT IS FURTHER ORDERED that Exhibits A and B found at ECF No. 66 will remain provisionally sealed.

IT IS FURTHER ORDERED that Defendants must, no later than **June 30, 2026**, either (1) redact Exhibits A and B and file the redacted versions of the documents on the publicly available docket, or (2) submit supplemental briefing explaining why every word contained in these Exhibits must be sealed.

IT IS FURTHER ORDERED that Plaintiff's Motion to Seal (ECF No. 74) is DENIED without prejudice.

Dated this 9th day of June, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3