UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BARRY HARRIS,

Plaintiff,

v.

ALESSIA MOORE, *et al.*,

Defendants.

Case No. 2:23-cv-01801-CDS-EJY

**ORDER**

Before the Court is Plaintiff's Motion titled "Spoliation Sanction Pursuant to Fed. R. Civ. P. 11. ECF No. 61. In his Motion, filed on April 9, 2026, Plaintiff says he is moving "today on a written objection to Defendants [sic] second request for extension of time to file motion for summary judgment." *Id*. at 3. Plaintiff then notes the Court granted an extension of the summary judgment deadline on January 6, 2026, providing a new deadline of February 17, 2026 for such motions. ECF No. 51. Plaintiff claims a second request to extend the deadline is an abuse of Rule 16 and that Defendants should be sanctioned. Thereafter, there was a change in the assigned Deputy Attorney General and on February 19, 2026, the new Deputy sought a second extension of time to file dispositive motions. ECF No. 57. Plaintiff opposed the Motion (ECF No. 59) and on February 28, 2026 the Court entered an Order finding in favor of Defendants, granting an extension to May 18, 2026 for the filing of dispositive motions. ECF No. 60. Separately, Plaintiff says that he 'is willing to dismiss all solitary confinement/SB 307 violation[s] for a stipulated release order for the medical violation in this matter that left … [him] with irreparable injuries." ECF No. 61 at 5. On page 66 of Plaintiff's 87 page submission, he refers to a motion for sanctions and USB drives, CD or bodycam footage that have been destroyed. *Id*. at 66.

Defendants respond that all records in their possession were provided to the Warden for Plaintiff's review, but Plaintiff never accessed those documents. ECF No. 62 at 2. Defendants do not know to what Plaintiff refers when he argues documents were destroyed. *Id*. Defendants state no USB drives, CDs or bodycam were requested, and Defendants know of none. *Id*.

In Reply, Plaintiff says he "is not seeking discovery-related sanctions …." ECF No. 63 at 1. Instead, the "Motion is an evidentiary issue and timely under Rule 37." *Id*. Plaintiff says Defendants claim the documents were available, but that prison staff told him they were not. *Id*. at 2.

Plaintiff appears to seek to exclude documents that were sent to the High Desert State Prison Warden's Office that Defendants believes were available for his review through a kite never submitted by Plaintiff. That is, instead of seeking to review documents held by the Warden, Plaintiff sought to review documents through the law library. ECF No. 62 at 2. If the documents were available, but not accessed by Plaintiff that would seem to end the inquiry; however, Plaintiff suggests that somewhere in the 87 pages of documents he submitted there is some evidence that prison staff said the documents were not available. The Court is not a required to hunt through Plaintiff's 87 pages to find this support. As one court states:

> It is worth repeating the familiar refrain, "judges are not like pigs, hunting for truffles in briefs. Nor are they archaeologists searching for treasure. Put simply, the Court is not obligated to paw over files ... in order to make a party's claim." *See Romero v. Nevada Dept. of Corrections,* 2013 WL 6206705 (D. Nev.) (citations omitted); *see also U–Haul Co. of Nevada, Inc. v. Gregory J. Kamer, Ltd.,* 2013 WL 4505800 (D. Nev.) ("[T]he Court reminds the parties that the burden of representation lies upon them, and not upon the Court. Whether it is the familiar 'pigs hunting for truffles' metaphor or the 'spaghetti approach,' the idea that the Court will not perform the work of representing the parties is clear."). "[I]t is not the responsibility of the judiciary to sift through scattered papers in order to manufacture arguments for the parties." *Agarwal v. Oregon Mut. Ins. Co.,* 2013 WL 211093 (D. Nev.) (citation omitted).

*Krause v. Nevada Mut. Ins. Co.*, No. 2:12-cv-00342-JCM-CWH, 2014 WL 99178, at *2 (D. Nev. Jan. 3, 2014).

Plaintiff correctly references Rule 37 for purpose of seeking to prevent the introduction of evidence never produced. Fed. R. Civ. P. 37(c)(1). Here, however, it is not clear whether Defendants failed to produce documentation. Defendants represent the documents were provided and instructions were given regarding how to review them. Defendants contend Plaintiff never submitted a kite to the Warden and instead sought a review through the library. All this aside, it is Plaintiff's burden to prove "by a preponderance of the evidence that the accused party actually destroyed, altered, or failed to preserve relevant evidence." *U.S. E.E.O.C. v. Wedco, Inc.*, Case No. 3:12-cv-00523-RCJ-VPC, 2014 WL 4635678, at *2 (D. Nev. Sept. 15, 2014), *citing LaJocies v. City of N.*

*Las Vegas*, Case No. 2:08-cv-00606-GMN-GWF, 2011 WL 1630331, at *1 (D. Nev. Apr. 28, 2011). Plaintiff has not provided the Court with any competent evidence demonstrating Defendants spoliated anything.[1]

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to seeking "Spoliation Sanction" Pursuant to Fed. R. Civ. P. 11 (ECF No. 61) is DENIED.

IT IS FURTHER ORDERED that Defendants must determine if the documents previously delivered to the Warden's office remain available for review. If the documents are no longer available, Defendants must deliver them again. Defendants must ensure availability of the documents within **fourteen days** of the date of this Order. Once availability is confirmed by Defendants, they must ensure through communication with the Warden that Plaintiff is notified in writing that the documents are available for review so the Court may, if necessary, verify the process was followed. Plaintiff is to be given a reasonable opportunity to review the documents (advance notice and at least 1 hour for review) no later than **seven days** after the delivery of written notice of their availability. **No kite is required**. Plaintiff is responsible for taking the opportunity to review the documents. Defendants must file a status report with the Court confirming the process has been followed and stating whether Plaintiff took advantage of his opportunity to review documents.

Dated this 13th day of August, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[1] Spoliation is a serious allegation that the Court must carefully analyze. Spoliation is defined as:

> the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. ... A party must preserve evidence it knows or should know is relevant to a claim or defense by any party, or that may lead to the discovery of relevant evidence. ... The duty to preserve arises not only during litigation, but also extends to the period before litigation when a party should reasonably know that evidence may be relevant to anticipated litigation.

*Gonzalez v. Las Vegas Metropolitan Police Dept.*, Case No. 2:09-cv-00381-JCM-PAL, 2012 WL 1118949, at *5 (D. Nev. Apr. 2, 2012) (internal citations omitted).